

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN, 11

GROVER SELLERS
ATTORNEY GENERAL

February 10, 1939

Hon. Fred Hartley
Assistant Criminal District Attorney
McLennan County
Waco, Texas

Dear Sir:

Opinion No. O-12
Re: Fees allowed as mileage to
a constable transporting
prisoner or prisoners to
county jail.

The fact situation set forth in your letter of
January 10th which has been received by this Department is
synonymous with the following:

"What amount in fees is allowed a consta-
ble as mileage for conveying a prisoner, after
conviction in a justice court for misdemeanor,
twenty miles to the county jail?"

". . . for conveying more than one per-
son?"

Article 1065, Code of Criminal Procedure, annotat-
ed 1925, begins as follows:

"The following fees shall be allowed . . ."

Section 9 reads:

"For conveying a person, after conviction,
to the county jail, for each mile, going and com-
ing, by the nearest practicable route by private
conveyance, 10¢ a mile or by railway 7½¢ a mile."

As far as can be determined, Section 9 of Article
1065 has not been construed by the courts of this State per-
taining to your question.

As to the amount allowed as mileage for the convey-
ing of one prisoner the language is plain and unambiguous in

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

its meaning, allowing the officer 10¢ per mile, going and
coming, by the nearest practicable route by private con-
veyance.

It is necessary to determine the legislative in-
tent in answering the last part of your question as to
mileage allowed where two or more such prisoners are con-
veyed in the same trip. Attention is called to the Acts
of the 24th Legislature, 1895, at which time our present
Sec. 9 of Article 1065, above quoted, was added. Prior
thereto, no provision existed authorizing the mileage fees
in misdemeanor cases.

We further call your attention to our present
Article 1029 and Sec. 4 thereof which has to do with mile-
age fees for removing or conveying prisoners . . . . ., ap-
plicable in felony cases. It will be noted that this
section of Article 1029 contains the following provisions:

". . . . providing that where more than one
prisoner is so conveyed or removed at the same
time, in addition to the foregoing, he shall be
allowed 8¢ per mile for each additional prison-
er."

This part of Sec. 4 of Article 1029, expressly
providing mileage for additional prisoners in felony
cases, was added by the Acts of the 21st Legislature and
has been incorporated in all amendments, revisions and
recodifications of the laws since that date. It is not
believed that the Legislature, in allowing mileage for
each additional prisoner in Article 1029, Sec. 4, as ap-
plicable to felony cases, intended to deny mileage for
each additional prisoner conveyed in one trip under the
provisions of Sec. 9 of Article 1065, C. C. P. 1925,
applicable to misdemeanor cases.

It is therefore the opinion of this Department
and you are respectfully advised that under the provisions
of Article 1065, Sec. 9, such officer is allowed 10¢ per mile,
going and coming, for conveying one prisoner and 10¢ per mile

Hon. Fred Hartley, February 10, 1939, Page 3


going and coming for each additional prisoner conveyed in the same trip.

                                          Very truly yours

APPROVED:                                 ATTORNEY GENERAL OF TEXAS


                                     By
ATTORNEY GENERAL OF TEXAS                   /s/ Wm. J. R. King
                                                    Assistant
WmK:AW
pw



WJF